UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

AIDA THOMAS, WILSON THOMAS by his Guardian
AIDA THOMAS, and CRYSTAL MADISON

                                            Plaintiffs,

                    -against-

THE CITY OF NEW YORK, DETECTIVE RAFAEL
PERDOMO, LT. MICHAEL J. MONAHAN, JOHN DOE
##1-6,

                                            Defendants.

------------------------------------------------------------------------ X

**COMPLAINT AND JURY DEMAND**

## PRELIMINARY STATEMENT

1.    This is a civil rights action in which Plaintiffs seeks relief for the violation of their rights secured by 42 USC § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, and the laws and Constitution of the State of New York.

2.    The claims arise from an event early in the morning of March 28, 2025, in which employees of the New York City Police Department ("NYPD"), acting under color of state law, unlawfully entered Plaintiffs' apartment without a warrant or exigent circumstances, removed Plaintiffs from their home and took them over a mile away to the 43rd precinct where they held them against their will and interrogated them, and intentionally and unconstitutionally deprived them of their property without due process.

3.    Plaintiffs seek monetary damages (special, compensatory, and punitive) against defendants, an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## PARTIES

4.    Plaintiffs are residents of Bronx County, New York.

5.    Defendant the City of New York ("the City") is a municipal corporation organized under the laws of the State of New York.

6.    Defendants Detective Rafael Perdomo, Lt. Michael J. Monahan, and John Doe ##1-6 are law enforcement employees of the New York City Police Department ("NYPD").  They are sued in their individual capacities.

7.    At all times here mentioned defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## JURISDICTION

8.    This action is brought pursuant to 28 USC §1331 and 42 USC §1983.  Supplemental jurisdiction over state law claims is asserted.

9.    Venue is laid within the United States District Court for the Southern District of New York in that the claim occurred within the boundaries of the Southern District of New York.

## NOTICE OF CLAIM

10.    At least 30 days prior to commencement of this action, and within 90 days of the incidents complained of, a notice of claim was made by Aida Thomas and served upon the City of New York, and adjustment or payment thereof has been neglected or refused.

## FACTUAL ALLEGATIONS

11.    Plaintiff Aida Thomas lives with her parents Crystal Madison and Wilson Thomas in an apartment building in the Bronx.

12.    Starting around February 14, 2025, a man ("George Roe" or "Roe") started physically

2

harassing Ms. Thomas outside her apartment- Roe appeared to be a guest of another tenant on the same floor as Plaintiffs' apartment.

13. Despite Ms. Thomas' efforts to avoid him, Roe increased his harassment over time, and Ms. Thomas began filing police complaints against him.

14. Roe's harassment increased and around February 26, 2025, he physically attacked Ms. Thomas and Ms. Madison as they were coming out of the elevator. They fought him off and Roe began threatening to shoot them, saying he was a member of the Crips gang, and making other threats.

15. Plaintiffs did not know Roe, and don't know why he fixated on them. But he threatened to get back at them for filing a police report against him.

16. Plaintiffs have gathered from conversations with NYPD employees that Roe was shot sometime around March 28, 2025, and that he falsely told police that Crystal Madison shot him.

17. Police, including Defendant Monahan, arrived at Plaintiffs' home around 5:30 AM on March 28, 2025; when Ms. Madison opened the door, they pulled her out into the hallway and entered the home without consent and without a warrant.

18. The police roused Ms. Thomas and Mr. Thomas, and Ms. Thomas' cousin, who was staying over, and removed them all from the apartment. Police had neither a search warrant nor an arrest warrant, nor probable cause to arrest anyone but, on information and belief, Ms. Madison.

19. Plaintiffs were frisked, separated two by two, and driven in the back of police cars to the 43rd Precinct, over a mile away from their home. There, they were placed in various interrogation rooms, where they were sometimes locked-in. When they tried to turn the lights off to get some sleep, NYPD officers came in and insisted the lights stay on. When Ms. Thomas tried to use her phone, it was taken from her. Plaintiffs were separated and interrogated by the officers.

20. After the interrogations, the police released first Ms. Thomas, then her cousin and then Mr. Thomas. They held Ms. Madison.

21. Police confiscated Ms. Madison's property- a cane from St. Thomas that she had been given by her daughter, her phone and her purse.

22. Plaintiffs were still not permitted to return to their home which, on information and belief, was being guarded while police obtained a search warrant. Thus, Ms. Thomas took Mr. Thomas, who was suffering from early stages of dementia, to the hospital.

23. Upon leaving the hospital, Ms. Thomas stayed in a motel.

24. Later on March 29, Plaintiffs were permitted to return to their home, after police had searched it and found no contraband or evidence of a crime.

25. Ms. Madison was released from Central Booking after the Bronx District Attorney's office either declined to prosecute her or deferred prosecution,

26. In the following days, Ms. Thomas and Ms. Madison went to the 43rd precinct to retrieve Ms. Madison's property; they were told the property was no longer there at the precinct, and that they needed a DA's release for Ms. Madison to retrieve her phone.

27. Yet, on April 10, Defendant Detective Perdomo texted Ms. Thomas to tell her her mother, Ms. Madison, should come to the precinct to pick up her property; when Ms. Madison arrived to pick up her property, she was arrested again.

28. Once again, the DA's office either deferred prosecution or declined prosecution.

29. After the matter was deferred or declined prosecution, Ms. Madison was able to pick up her cane and purse from the precinct; it appeared that the officers thus had the property there, knew they had it there, lied about it, and then used it to lure her back to the precinct to rearrest her.

30. The Bronx District Attorney's office to this day has not returned Ms. Madison's phone

to her; on May 7, 2025, they declined to provide it because they purported to be holding it pending investigation.

31.  But the Bronx District Attorney's office has defective policies that lack safeguards for property purportedly being held pending investigation.  Thus, someone in Ms. Madison's position has no recourse or procedure concerning when she can expect to retrieve her property or when an investigation is formally closed such that purported evidence will be returned.

32.  Ms. Thomas continued to file complaints about harassment from George Roe, who was arrested more than once and had orders of protection issued against him on Ms. Thomas' behalf. Police have since informed Ms. Thomas that Mr. Roe has died.

## DAMAGES AND PENALTIES

33.  As a direct and proximate result of the acts of defendants, defendants are liable for the following:

    a.      Damages for violation of Plaintiff's rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure;

    b.      Damages for emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety;

    c.      Damages for loss of property.

## FIRST OF ACTION
42 USC § 1983- Fourth Amendment Violations against Defendant Monahan, John Doe ##1-3, for Unlawful Entry, and False Arrest in the Home

34.  The above paragraphs are here incorporated by reference.

35.  Defendant Monahan and John Doe ##1-3 entered Plaintiffs' home without a warrant, consent, or other lawful basis.

36.    Defendants Monahan and John Doe ##1-3 seized Plaintiffs at their apartment building, making it clear they were not free to leave, and compelling them to be transported to the 47th Precinct.

37.    Defendants Monahan and John Doe ##1-3 intended to confine Plaintiffs at their apartment building, Plaintiffs were conscious of their confinement and did not consent to it.

38.    As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

## SECOND CAUSE OF ACTION
Common Law False Arrest- As to Plaintiff Aida Thomas against all Defendants

39.    The above paragraphs are here incorporated by reference.

40.    Defendants acted in concert to subject Plaintiff Aida Thomas to false arrest and false imprisonment.

41.    Defendants intended to confine plaintiff, plaintiff was conscious of her confinement and did not consent to his confinement.

42.    Such confinement began at Plaintiff's home, as described in the First Cause of Action, and continued through Plaintiff's detention at the 43rd Precinct, which was further conducted in part by Defendant Detective Rafael Perdomo and John Doe ## 3-6.

43.    The City of New York is liable for the acts of John Doe ## 1-6, Detective Rafael Perdomo, and Lt. Michael J. Monahan, through the doctrine of *respondeat superior*.

44.    As a direct and proximate result of the misconduct detailed above, Plaintiff sustained damages.

## THIRD CAUSE OF ACTION
Fourth Amendment Violations by Defendants Monahan, Perdomo, John Doe ##1-6, for False Arrest and Unlawful Imprisonment at the 43rd Precinct, as to Plaintiffs Aida Thomas and Wilson Thomas, against all Defendants except the City of New York

45.    The above paragraphs are incorporated by reference.

46.    Defendants assisted each other to detain Plaintiffs Aida Thomas and Wilson Thomas and confine them without lawful authority.

47.    Plaintiffs were conscious of their confinement, and did not consent to it.

48.    Plaintiffs sustained damages as a result of their confinement.

### FOURTH CAUSE OF ACTION
Fourth Amendment Violations for Unreasonable Property Seizure without Due Process by Defendants Monahan, Perdomo, John Doe ##1-3, for the Deliberate Retention of Plaintiff Crystal Madison's Property Without Due Process

49.    Defendants intentionally and unreasonably retained Plaintiff Crystal Madison's property without justification.

### FIFTH CAUSE OF ACTION
42 USC § 1983- Municipal Liability of the City of New York, for the Policy Failures of the Bronx County District Attorney's Office, as to Plaintiff Crystal Madison

50.    The City of New York is liable for the damages suffered by Plaintiff Crystal Madison in that they have created a policy or custom under which unconstitutional practices occur and allowed such policies or customs to continue.

51.    Rather than dismissing or declining to prosecute cases that are patently without merit, the Bronx County District Attorney's office ("the Office") regularly instead "defers prosecution".

52.    But the Office has no system to follow up on such "deferred prosecutions". As a result, the Office has no systemic way of closing out cases so that property held as evidence can be returned to its rightful owner.

53.    This policy of not resolving deferred prosecutions or tracking evidence seized in such deferred prosecutions is certain to result in repeated unreasonable seizures of property property without due process.

54.     Plaintiff has been damaged as a result of the deliberate indifference of the City to the constitutional rights of the City's inhabitants.

**WHEREFORE**, Plaintiff demands judgments against the defendants, jointly and severally, as follows:

A.     In favor of Plaintiffs in an amount to be determined by a jury for each of Plaintiff's causes of action;

C.     Awarding Plaintiff punitive damages in an amount to be determined by a jury;

D.     Awarding Plaintiff reasonable attorneys' fees, costs and disbursements of this action and

E.     Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

DATED:     May 13, 2026
           Brooklyn, New York                    Respectfully yours,


By: Andrew B. Stoll
Stoll, Glickman & Bellina, LLP
Attorneys for Plaintiff
300 Cadman Plz. W. 12th Floor
Brooklyn, NY  11201
(718) 852-3710
astoll@stollglickman.com